IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SJK, JMW #1, AND JMW #2, Minor Children of Julia Moss, Deceased, by REICO WATTS, as Their Parent and Natural Guardian, and DWIGHT MOSS, as Personal Representative of the Estate of Julia Moss, Deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>OCONEE COUNTY SHERIFF JAMES A. HALE, JR., in His Official Capacity, and DEPUTIES ANDREW R. HENDERSON and STANLEY M. SWISHER in their Individual Capacities,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO: 3:22-CV-00089-CDL |

## **ORDER**

For good cause shown, the Court hereby ORDERS that Advantage Behavioral Health Systems ("Advantage") produce to counsel for the Defendants, as soon as practicable, true copies of the treatment records maintained in connection with the admission and treatment at Advantage of Decedent Julia Moss, which is the subject of the Defendants' subpoena in the above-styled case, if Julia Moss was in fact a patient of Advantage.

In connection with the issuance of this Order, the Court has determined that the provisions of 42 C.F.R. § 2.63 have been satisfied and that:

(1)  other ways of obtaining the information sought are not available or would not be effective; and

(2)  the public interest and the need for the disclosure of the records outweigh the potential injury to the patient, the physician-patient relationship, and the treatment services. See 42 C.F.R. § 2.64(d) (1991).

The Court has also determined that the information sought by the subpoena is relevant to issues in this lawsuit and is subject to disclosure under one or more of the exceptions to the psychiatrist-patient, psychologist/psychological examiner-client, and social worker-client privileges under Georgia law. Provided, however, that Plaintiffs do not consent to oral disclosure of protected health information to Defendants' counsel outside the presence of Plaintiffs' counsel.

The Court further ORDERS that no copies, duplicates or photocopies of said records, if any, be made at this time except to counsel (or the parties) as necessary, and that the information gathered from said records shall not be disseminated or published in any way except to the parties of this case, their counsel, and their consultants or experts as necessary for the prosecution or defense of this action. The Court further ORDERS that all parties to this case

and their counsel are not to publish or disseminate said information, except as provided herein, without further Order of this Court.

The Court further ORDERS that any portion of the record in this case relating to said testimony, records, or information be SEALED until further order of this Court. The Court further ORDERS that Defendants pay all of Advantage's reasonable expenses of providing such testimony and/or reproducing and distributing such records, if any. Unless otherwise modified by this Court, this Order covers any future records or testimony that may be created by Advantage relating to the alleged patient or patients and any future testimony at deposition or at trial of any Advantage employee or agent upon payment to Advantage of all expenses or fees that may be incurred in conjunction with said testimony or reproduction of records.

SO ORDERED this 8th day of June, 2023.

S/Clay D. Land

CLAY D. LAND
U.S. DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA